IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO.  3:17-MJ-257-BF |
| | § | |
| JUSTIN MARK SHAFER | § | |

## ORDER REVOKING PRETRIAL RELEASE

On April 18, 2017, the Court considered whether to revoke its April 6, 2017, *Order Setting Conditions of Release*, Doc. 11, based on the allegations contained in the *Report of Violation of Conditions of Pretrial Release*, filed on April 14, 2017, Doc. 15.  The Government appeared by and through Assistant United States Attorney Michelle Fernald.  Defendant appeared in person and through his attorney of record, Assistant Federal Public Defender Lara Wynn.

Upon consideration of the evidence and argument of counsel presented at the hearing, and the written and verbal reports of the Pretrial Services officer, the Court makes the following findings pursuant to 18 U.S.C. § 3148:

The Court finds by clear and convincing evidence that Defendant violated pretrial release Condition (7)(v), which provides that he "shall not maintain or create a user account on any social networking site (i.e. Facebook.com, Twitter, Instagram etc.) or access any such account of another." Doc. 11 at 4.  The evidence revealed that Defendant not only maintained an account on blogspot.com (Blogger), but, on or about April 14, 2017, posted on his account about the victim of the alleged offense.

The Court further finds, based on the factors at 18 U.S.C. § 3142(g), and the nature of the violation, that there is no condition or combination of conditions of release that will reasonably

assure that Defendant will not pose a danger to the safety of any other person or the community. As the undersigned expressed at the detention hearing, it was no easy feat to fashion a combination of conditions in this case that could reasonably assure the safety of the community and any other person, given the nature of the charged offense, Defendant's apparent technical skill, and the readily accessible internet.  However, in short order, Defendant has proven that the combination of very stringent conditions of release imposed in this case are insufficient to ameliorate the threat Defendant poses to the safety of the community and, in particular, to the alleged victim of the charged offense.

In any event, the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release the Court could impose.  Compelling evidence of that fact are Defendant's own words in the subject blog post -- "Not allowed to get on Twitter or Facebook etc (anything to get out of jail, right?)" -- and in an email to the Pretrial Services Officer when confronted about the post -- "Blogger is not social media, and anyone telling me otherwise will be violating my first amendment speech."

Accordingly, Defendant's order of pretrial release is **REVOKED**.

It is **ORDERED** that Defendant is committed to the custody of the Attorney General and United States Marshal.

It is **ORDERED** that while in the custody of the Attorney General and the United States Marshal, Defendant be confined in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal.

It is **ORDERED** that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further **ORDERED** that, on an order of a court of the United States, or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings in the Northern District of Texas.

**SIGNED** April 19, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE